DAYTON *v.* FISHER, Administrator.

HUSBAND AND WIFE.—*Wife's Separate Property.*—Where a man invests his wife's money in land, and, without her knowledge or consent, takes the deed therefor in his own name, and afterwards sells such land, she is entitled to the entire sum received therefor.

SAME.—*Estoppel.*—*Decedents' Estates.*—Where a man dies seized of land purchased in part with his own money and in part with money belonging to his wife, the deed being taken in his name without her knowledge or consent, she is entitled to recover from his estate the amount of her money so invested; and in the prosecution of such claim against said estate she will not be estopped by the facts that she attended a sale, made by the administrator of said estate under an order of the proper court, of two-thirds of said land, and did not make any objection to such sale, but herself bid thereat, and that in an action by the purchaser at such sale against her for partition of said land, she set up her claim to an interest in said land beyond her one-third thereof as widow, because of its purchase with her money in part, and her claim to such equitable interest was disallowed, and partition was awarded without regard thereto.

APPEAL from the Posey Common Pleas.

WORDEN, J.—Jane Dayton, the appellant, filed her claim in the court below, against the appellee, administrator of the estate of Jesse Dayton, deceased, for the sum of six hundred and twenty-five dollars, being the proceeds of forty acres of land, bought with her separate money, and the deed taken, without her knowledge or consent, in the name of her husband, the said Jesse, which land the said Jesse sold and conveyed to Thomas G. Fisher for the sum above specified, and which money the said Jesse, without her knowledge or consent, used as his own, and invested in other lands in his own

name without her knowledge or consent, agreeing and intending to repay said sum of money to said Jane, or to invest the same for her in property in her own name.

The defendant answered, first, by general denial; second, admitting that the forty acres of land were purchased with the plantiff's money, and alleging that the proceeds of the sale thereof to Fisher were invested by said deceased, together with other funds of his own, in other lands in said county, and described in the answer, and that he died seized thereof; that afterwards said administrator, on proper notice and proceedings therefor, procured an order, in the Posey Court of Common Pleas for the sale of the two-thirds of said land, and afterwards sold and conveyed the same to Leonard H. Floyd and John B. Gardiner; that the plaintiff attended the sale and bid on the land, claiming no interest therein and making no objection to the sale; that afterwards Floyd and Gardiner filed their complaint in the same court against said Jane, for the partition of said land, to which she answered, avering that the whole purchase-money for the land was seventeen hundred dollars; that of this sum her husband used six hundred and twenty-five dollars belonging to her, and she claimed an equitable interest in the land to the extent of the proportion of her money invested in it, and one-third of the residue. Floyd and Gardnier replied to this by general denial, and by setting up the facts of her attending the sale and bidding on the land as an estoppel. On these issues the cause in partition was tried, and said Jane found and adjudged to be the owner of one-third only of the land, which was set off to her. The record of the partition suit is set out.

To the second paragraph of the answer, the plaintiff demurred, but her demurrer was overruled, and she excepted, and declining to reply thereto, final judgment was rendered against her.

We have not been favored with any brief for the appellee, and are, therefore, not advised upon what ground it is claimed

or was held, that the paragraph of the answer demurred to
is good. In our opinion, it is radically bad.

If the deceased invested Jane's money in land, and took
the deed in his own name without her knowledge or consent,
and afterwards sold the land, she was entitled to the sum re-
ceived therefor, however much more it may have been than
the sum originally invested. If he thus received the sum of
six hundred and twenty-five dollars, she has a just claim for
that amount.

If he again invested that sum of hers in land, taking the
deed in his own name, such investment would not discharge
his obligation to her. The debt would still be due her. She
might, under some circumstances, follow the money into the
land, and hold an interest in it, proportional to the amount of
her money invested, as a resulting trust. But the fact that
she has sought to establish a trust in the land, and failed
therein, is no reason why she may not maintain an action
for the money. There are many reasons that would pre-
vent the establishment of the trust, especially where the
property has passed into the hands of third persons, that
would not prevent a recovery of the money. A party whose
money is invested in lands by another in fraud or breach of
trust, is not bound to take the land, or insist on his lien, but
may demand payment of the money. 2 Story Eq. § 1211,
and note. Therefore the plaintiff, by permitting the sale to
be made without objection, and by bidding on the property,
may have estopped herself from setting up any interest in
the land (beyond her third), yet she did not thereby estop
herself from setting up her claim against the estate for the
money

The proceedings in the partition suit do not in any man-
ner estop the plaintiff, on the ground of being a former ad-
judication of the same matter. Without stopping to enquire,
especially, whether the same matter was adjudicated, it is
sufficient to say that that suit was between different parties.
Judgments bind only parties and privies, and the estoppel
must be reciprocal. *Trevivan* v. *Lawrence*, 2 Smith Lead.

Cas. 654, and notes.   As the administrator was not a party to that suit, and not estopped by the judgment therein, so neither can he use it against any one else as an estoppel.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the paragraph of the answer in question.

*W. P. Edson*, for appellant.

*E. M. Spencer* and *W. Loudon*, for appellee.