GLADYS AMANN *v.* DANIEL S. TANKERSLEY, ADMINISTRATOR, ET AL.

[No. 271A37.  Filed October 13, 1971.]

*Thomas B. Dumas*, of Rensselaer, for appellant.

*Daniel S. Tankersley*, of Winamac, for appellees.

Sharp, J.—Clarence M. Bierrum died on the 6th day of March, 1968, leaving a sizable estate. He was survived by a widow, Dorothy M. Bierrum, and by seven brothers and sisters, namely, William J. Bierrum, Francis Bierrum, Henry W. Bierrum, Gladys Amann, Lottie L. Capper, Ivan M. Bierrum and Maude Roach. On the 7th day of March, 1968, Lottie L. Capper and Ivan M. Bierrum, as brother and sister of the decedent, Clarence M. Bierrum, filed a petition in the Pulaski Circuit Court for the issuance of letters of administration on the administration of his estate, and letters of administration on the estate of Clarence M. Bierrum were issued by the Pulaski Circuit Court to said Lottie L. Capper and Ivan M. Bierrum as Personal Representatives. On the 11th day of March, 1968, the widow, Dorothy M. Bierrum, filed in the Pulaski Circuit Court her application to set aside the previously issued letters of administration to Lottie L. Capper and Ivan M. Bierrum and also on the 12th day of March, 1968, said widow filed her petition for issuance of letters of administration on the estate of Clarence M. Bierrum, deceased and nominated Daniel S. Tankersley to serve as Personal Representative of said estate. On the 28th of March, 1968, said Lottie L. Capper and Ivan M. Bierrum filed an answer to the petition to set aside letters of administration and filed an answer to the petition for the appointment of an administrator. On the 3rd of April, 1968, said Dorothy M. Bierrum filed a reply to the answer to petition for appointment of administrator and a reply to the second paragraph of answer to petition to set aside letters of administration. An evidentiary hearing was held in the Pulaski Circuit Court on

the issues raised by the above and foregoing pleadings. After the conclusion of said trial and hearing on October 31, 1968, the trial judge entered the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Dorothy M. Bierrum and Clarence M. Bierrum obtained on February 13, 1948, from the Clerk of the White Circuit Court, a license to marry, and that said parties were duly and legally married on February 14, 1948.

2. The above said marriage was never terminated by annulment, divorce or any legal proceedings.

3. Clarence M. Bierrum died intestate on March 6, 1968 while domiciled at rural address, Francesville, Pulaski County, Indiana.

4. Dorothy M. Bierrum is the widow of Clarence M. Bierrum.

5. No children were born during said marriage as the union of Clarence M. Bierrum and Dorothy M. Bierrum.

6. Dorothy M. Bierrum has been employed outside the home during most of the time from her marriage to Clarence M. Bierrum until his death.

7. During the Fall of 1967, Dorothy M. Bierrum had been secretly meeting Barney Krieger, some of which meetings took place in motel rooms. During at least one of the said meetings while Barney Krieger and Dorothy Bierrum were alone in said motel room, said Barney Krieger was in bed in the nude.

8. In December, 1967, Dorothy M. Bierrum assumed the name of Dorothy M. Krieger, and used said name at all times while she was in LaPorte, Indiana.

9. Said Dorothy M. Bierrum as Dorothy M. Krieger, together with Bernard Krieger, purchased a mobile home in LaPorte, Indiana, rented space, and had said trailer placed thereon and connected to utilities on Lot No. 33 of the LaPorte Trailer Court, at the intersection of Indiana Highways No. 2 and 39, LaPorte, Indiana.

10. The purchase agreement was signed by Dorothy M. Bierrum as Dorothy Krieger.

11. On December 27, 1967, Dorothy M. Bierrum made application for employment at Plastic Service Corporation, LaPorte, Indiana. Said Dorothy M. Bierrum used the name of Dorothy M. Krieger, listed Bernard Krieger as her husband, gave LaPorte Trailer Court, LaPorte, Indiana, as her address, and gave the phone number of Bernard Krieger as the phone number where she could be reached.

12. Said mobile home remained in said location until after the death of Clarence M. Bierrum.

13. Dorothy M. Bierrum being one and the same person as Dorothy M. Krieger and Bernard Krieger lived in said mobile home at said LaPorte Trailer Court, LaPorte, Indiana, most all times during January and February, 1968, except on weekends.

14. Dorothy M. Bierrum bought groceries in Francesville, Indiana, on nearly every weekend for seven years prior to March 6, 1968.

15. Dorothy M. Bierrum and Clarence Bierrum maintained a checking account on which both could draw checks in the First Union Bank and Trust Company, Medaryville, Indiana.

16. Dorothy M. Bierrum wrote the checks to pay the bills for the utilities used at the farm residence of Clarence and Dorothy Bierrum during the months of January and February, 1968.

17. During parts of most weekends during January and February, 1968, Dorothy M. Bierrum lived at Francesville, Indiana, with her husband, Clarence Bierrum.

18. Dorothy M. Bierrum made payments on furniture located in said farm home the last of which payments, prior to the death of Clarence M. Bierrum, was made on March 5, 1968.

19. That Dorothy M. Bierrum and Clarence M. Bierrum spent the night in the same house at their Francesville farm home on February 24, 1968.

20. That Dorothy M. Bierrum has not waived or resigned her right to act as administrator of the Estate of Clarence M. Bierrum.

21. That Dorothy M. Bierrum did not nominate Lottie L. Capper and Ivan M. Bierrum to act as co-administrators of the Estate of Clarence M. Bierrum.

## CONCLUSIONS OF LAW

1. The law is with the petitioner—widow—Dorothy M. Bierrum.

2. That at the time of the death of Clarence M. Bierrum, Dorothy M. Bierrum had not left the said Clarence M. Bierrum as contemplated under Burns Indiana Statutes 6-214.

3. That at periodic times surrounding the death of Clarence M. Bierrum, said Dorothy M. Bierrum was living in adultery with another man.

4. That Dorothy M. Bierrum, the widow of Clarence Bierrum, has not forfeited, under Burns 6-214, her right to inherit from said Clarence M. Bierrum, deceased.

5. That Dorothy M. Bierrum has the right to be appointed administratrix of the Estate of Clarence M. Bierrum, deceased.

6. That Lottie L. Capper and Ivan M. Bierrum are not legally entitled to serve and should be removed as co-administrators of the Estate of Clarence M. Bierrum.

## JUDGMENT

1. Lottie L. Capper and Ivan M. Bierrum are hereby removed as Co-administrators of the Estate of Clarence M. Bierrum.

2. Said co-administrators are ordered to take no further action in this estate except to preserve the assets and status-quo of said estate until a successor administrator is appointed by the regular judge of this Court.

3. Said co-administrators are ordered to file with the regular Judge within 30 days, a complete report of their doings in the estate.

4. That said co-administrators take nothing by way of their paragraphs of affirmative answer filed to the widow's Petition For Removal of Co-administrators filed herein.

Thereafter on the 4th day of August, 1969, the Appellant, Gladys Amann, a sister of the decedent, filed her petition to determine heirship in the Pulaski Circuit Court. The essential allegations of said petition to determine heirship are as follows:

1. Clarence M. Bierrum, herein referred to as the decedent, died intestate, domiciled in Pulaski County, Indiana, on or about the 6th day of March, 1968.

2. Proceedings for the administration of decedent's estate are pending in this Court, in this cause; and, Daniel S. Tankersley is acting as Administrator of decedent's estate herein, under appointment of this Court.

3. Decedent's heirship has not been determined.

4. In the interests of the orderly administration of decedent's estate, his heirship ought to be determined at this time.

5. Decedent was survived by his widow, Dorothy M. Bierrum, who resides at R.F.D. 1, Francesville, Pulaski County, Indiana.

6. Prior to decedent's death, said Dorothy M. Bierrum left decedent, and at the time of decedent's death said Dorothy M. Bierrum was living in adultery.

7. Decedent was survived by no child or children, either natural born or adopted; and decedent was survived by no issue of any such child or children.

8. Decedent was survived by the following brothers and sisters:

William J. Bierrum, brother, who resides at
510 S. California St.
Dillon, Montana 59725

Francis Bierrum, brother, who resides at
42 K. Street N.E.
Ephrata, Washington 98823

Henry W. Bierrum, brother, who resides at
2116 30th Street
San Diego, California 92104

Gladys Amann, sister, who resides at
R.F.D. 1, Box 451
Montague, Michigan 49437

Lottie L. Capper, sister, who resides at
R.F.D. #1
Monticello, Indiana 47960 (White County)

Ivan M. Bierrum, brother, who resides at
R.F.D. #4
Winamac, Indiana 46996 (Pulaski County)

Maude Roach, sister, who resides at
R.F.D. #2
Monticello, Indiana 47960 (White County)

9. Decedent was survived by no issue of a deceased brother or sister.

10. Decedent was survived by neither parent.

11. In addition to the persons herein named, there may be persons unknown to petitioner who might be heirs of decedent, or who might claim or assert such heirship; and such unknown persons, or unknown heirs, should be made a party to this petition and the proceedings thereon.

12. Petitioner is interested in this petition and in the proceedings thereon for the reason that she is one of decedent's surviving brothers and sisters, above named.

On the 10th day of November, 1969, Daniel S. Tankersley as Administrator of the Estate of Clarence M. Bierrum, deceased, filed a special answer in bar, the essential allegations of which are:

1. That on the 12th day of March, 1968, Dorothy Bierrum, as the surviving spouse of the decedent, Clarence M. Bierrum, brought her action in the Pulaski Circuit Court, a Court of competent jurisdiction against Lottie L. Capper, a sister of the decedent, and Ivan M. Bierrum, a brother of the decedent, then acting as Co-Administrators of the Estate, for setting aside previously issued Letters of Administration; that thereafter said sister and brother of the decedent as representatives of all the decedent's surviving brothers and sisters, filed their Answer to said Action and therein alleged the identical cause of action as set forth in the Petition to Determine Heirship, as filed by Gladys Amann.

2. That proceedings were had in said cause including trial before the Court, and that on the 31st day of October, 1968, judgment was rendered by said Court on the merits of said cause against said sister and brother and those they represented and for Dorothy M. Bierrum, as surviving spouse of the decedent, which judgment specifically found that Dorothy M. Bierrum as the widow of Clarence M. Bierrum, deceased, was entitled to inherit the full estate of said decedent.

3. That said previous action was between the identical persons who are parties to this action to determine

heirship as were parties to the former action, either of record or by representation; that the matter in issue in the present action was adjudicated in the former action; that the former judgment was rendered by a Court of competent jurisdiction; that the former judgment was on the merits.

On September 21, 1970, the trial court entered the following findings of fact, conclusions and judgment.

## FINDINGS OF FACT

1. That on October 31, 1968, a judgment was entered in this court in this cause, which judgment is a matter of record.
2. That heirship was placed in issue as to the seven brothers and sisters of decedent by the allegations of sub-paragraph (1) of rhetorical paragraph 7 of Respondents' Answer to petition for appointment of administrator, and the denial thereof *set forth in rhetorical paragraph thereof* set forth in rhetorical paragraph 5 of the petitioner's answer thereto, and has been tried and determined by the court's previous judgment herein above mentioned.
3. That said judgment found in favor of the widow, Dorothy M. Bierrum on both issues.
4. That on the 4th day of August, 1969, Gladys Amann filed her petition for the determination of heirship in this estate.
5. That on November 10, 1969, the present Administrator and the widow, Dorothy M. Bierrum, filed their special answer in bar, alleging former adjudication of the issue of heirship.

## CONCLUSIONS OF LAW

1. The law is with the widow, Dorothy M. Bierrum, on her special answer in bar.
2. That the Doctrine of Res Judicata is properly applicable to the pending petition of Gladys Amann for determination of heirship as the issues herein involved were formerly
3. The parties to the present action are bound by the former action.

4. That the pending petition for determination of heirship should go no further.

## JUDGMENT

Based on the court's findings of fact and conclusions of law herein, the court now renders judgment in favor of Dorothy M. Bierrum on her special plea in bar.

To apply the Doctrine of Res Judicata, eight essential elements have been generally required. They are:

(a) a suit and an adversary proceeding
(b) a final judgment
(c) a decision on the merits
(d) rendered by a court of competent jurisdiction
(e) identity of parties
(f) identity of subject matter or issues
(g) capacity of parties
(h) mutuality of estoppel

In this case, we concern ourselves with the question of identity of parties and identity of subject matter or issues.

In the proceedings in 1968, resulting in the judgment of October 31, 1968, the primary issue was whether or not the widow, Dorothy M. Bierrum, had lost her statutory right to take part in her husband's estate because of alleged misconduct. The statute invoked in those proceedings was Ind. Ann. Stat. 7-406 (Burns 1953), I.C. (1971) 29-1-10-6 and Ind. Ann. Stat. 6-214 (Burns 1953), I.C. (1971) 29-1-2-14.

It is equally obvious that the proceedings in 1969, resulting in the judgment of September 21, 1970, were based primarily on Ind. Ann. Stat. 6-606 (Burns 1953), I.C. (1971) 29-1-6-6.

It is the primary thrust of the Appellant's argument that the five brothers and sisters who were not formal parties to the proceedings in 1968 are bound by the judgment of October 31, 1968. No appeal was taken from the judgment entered on October 31, 1968. At this point, it should also be

emphasized that in the proceedings resulting in the judgment of October 31, 1968, only Lottie L. Capper and Ivan M. Bierrum were parties to such proceedings, and the Appellant, Gladys Amann, as well as William J. Bierrum, Francis Bierrum, Henry W. Bierrum and Maude Roach were not formal parties to such proceedings, were not given notice of such proceedings, and did not participate in such proceedings either in person or by attorney.

In *Mayhew* v. *Deister* 144 Ind. App. 111, 244 N.E. 2d 448, 453, this Court said:

> "The classical doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a later lawsuit on a different cause of action. Obviously this is not such a case since the defendants-appellants here were not parties to the Federal Court quiet title suit. Further, our Supreme Court has stated the general requirement that the plea of res judicata is available only when there is privity and mutuality of estoppel. Under this requirement only parties or their privies to the former judgment could take advantage of or be bound by the former judgment. In this sense a party is one who is directly interested in the subject matter and had a right to make defense or to control the proceedings and to appeal from the judgment. Tobin v. McClellan, 225 Ind. 335, 73 N.E. 2d 679, 75 N.E.2d 149 (1947). By this definition the defendants-appellees here were not parties to the Federal Court quiet title suit. A privy is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. The defendants-appellees here are certainly not privy under this definition. Estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it had it gone against him. Tobin v. McClellan, supra. However, many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. See, Coca Cola Co. v. Pepsi-Cola Co., 36 Del. 124, 172 A. 260; Bernhard v. Bank of America National Trust and Savings Ass'n, 19 Cal. 2d 807, 122 P.2d 892 (1942); B. R. DeWitt,

Inc. v. Hall, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 597, 226 N.E. 2d 195 (1967)."

A person is not bound by a judgment as a privy ■ merely because there is a blood relationship to a party to the action, where he did not succeed to any right, title, or interest of the party in the subject matter of the litigation. *Estey* v. *Gardner,* 291 Mass. 303, 197 N.E. 72 and *Schmidt* v. *Jewett,* 195 N.Y. 486, 88 N.E. 1110.

Kinship by affinity or by consanguinity does not ■ create privity except where it results in the descent of an estate from one to another. *Riddle* v. *Cella,* 128 N.J.Eq. 4, 15 A.2d 59 and *O'Brien* v. *Costello,* 100 R.I. 422, 216 A. 2d 694, cert. den. 384 U.S. 988, 86 S.Ct. 1889, 16 L. Ed. 2d 1005.

The proceeding which resulted in the judgment of ■ October 31, 1968, was brought pursuant to the provisions of Ind. Ann. Stat. § 7-406, which prescribes the procedure for the removal of a personal representative in a decedent's estate. The only prayer for relief demanded in Dorothy M. Bierrum's petition for removal of personal representative was the removal of Lottie L. Capper and Ivan M. Bierrum as personal representatives and for the appointment of Daniel S. Tankersley as personal representative. While admittedly there is some similarity between the evidence in the hearing on the proceeding to remove the personal representative and on the latter petition to determine heirship, these petitions were brought under two separate and distinct provisions of the Probate Code and involve two separate identifiable legal issues. In the first proceeding, the principal legal issue was the removal of the brother and sister as personal representatives of the decedent's estate, and in the second proceeding, the principal issue was the determination of heirship. It is also apparent that there was a more limited issue in the first proceeding resulting in the judgment of October 31, 1968, from the very fact the provi-

sion in Ind. Ann. Stat. 6-606 regarding notice to all persons known or believed to claim an interest in the estate or any part thereof as an heir or through an heir of the decedent was not given as provided for in that section of the statute.

In Briefs and in Oral Argument, the Appellees have relied primarily on the so called doctrine of virtual representation. In *Groves, et al.* v. *Burton, et al.,* 125 Ind. App. 302, 123 N.E. 2d 705 (1954), this Court stated that in quiet title suits and other actions involving titles where all parties are before the Court that can be brought before it, and the Court acts properly as to the rights that appear, and there is no fraud or collusion, the decision of the Court is conclusive as to the state of title. This concept is labeled as the doctrine of virtual representation. In this case all of the parties were not before the Court which could have been brought before it in the proceeding which resulted in the judgment of October 31, 1968. Therefore, the doctrine of virtual representation fails at the threshold.

The trial court was in error in applying the doctrine of res judicata in this case.

Therefore, this case must be reversed and remanded to the trial court with instructions to hear the Appellant's petition to determine heirship upon its merits and for all other proceedings consistent herewith.

Hoffman, C. J., Staton and White, J. J. Concur.

NOTE—Reported in 273 N.E.2d 772.