## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2015, 10:05 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| MacArthur Drake | Voyle A. Glover |
| Gary, Indiana | Merrillville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shelley Bradford, | March 12, 2015 |
| *Appellant-Plaintiff,* | Court of Appeals Cause No. 45A03-1404-MF-147 |
| v. | Appeal from the Lake Superior Court. |
| Mike Lazo and Angela Lazo, | The Honorable William E. Davis, Judge. |
| *Appellees-Defendants.* | Cause No. 45D05-1106-MF-187 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Third-Party Plaintiff, Shelly Bradford (Bradford), appeals the trial court's grant of Appellees-Third-Party Defendants', Mike & Angela Lazo (collectively, Lazo), motion to dismiss pursuant to Indiana Trial Rule 12(B)(6).

We affirm.

## ISSUES

Bradford raises three issues on appeal, which we consolidate and restate as the following two issues:

(1) Whether the trial court's judicial notice of prior proceedings converted Lazo's motion to dismiss into a motion for summary judgment; and

(2) Whether the trial court properly dismissed Bradford's complaint based on *res judicata* grounds.

## FACTS AND PROCEDURAL HISTORY

Bradford owned and lived in one unit of a four-unit condominium complex in Hobart, Indiana. Lazo is the owner of two units in the same complex and resides in one. Bradford and Lazo are also the co-owners of a garage unit and a plot of vacant real estate, adjacent to the condominium complex.

On June 3, 2008, Bradford filed a complaint against Lazo, claiming that Lazo prevented her access to her condominium's electrical panel, furnace, and water heater, which are located in Lazo's condominium, and to the jointly-owned

garage (First Complaint). On May 19, 2010, the trial court dismissed this cause with prejudice for failure to prosecute pursuant to Indiana Trial Rule 41(E).

[6] On June 6, 2011, a mortgage foreclosure action was filed against Bradford under the current cause number. Bradford named Lazo as the third-party defendants, filing a third-party complaint on January 30, 2012, which alleged:

> 3. For the past five years, and continuing to date, [Lazo] ha[s], individually and/or in concert with each other, intentionally, deliberately and maliciously conducted themselves and acted to commit, against [Bradford], trespass, conversion, harassment, false imprisonment, obstruction of access to property, defamation, abuse of process, tortious interference with contractual relations and interference with the quiet enjoyment of [Bradford's] real and personal property located at Golf View, in addition to [Lazo's] filing of frivolous claims in [c]ourt against [Bradford].
>
> 4. [Lazo] block[s] Bradford's access and use of common areas of Golf View.
>
> * * *
>
> 7. [Lazo] block[s] Bradford's access and use of the garage she co-owns with them.

(Appellant's App. pp. 25-26).

[7] On February 13, 2012, Lazo filed a first motion to dismiss based on *res judicata*. Following a hearing, the trial court denied the motion but allowed Lazo "to refile same anytime before July 16, 2012."[1] (Appellant's App. p. 21). On July

---

[1] Bradford argues that "[n]othing in Trial Rule 12(B), (G) or (H)(2) contemplates or permits a defendant to file successive motions to dismiss." (Appellant's Br. p. 18). We disagree. "A court has inherent power to control its own orders." *Metro. Dev. Comm'n of Marion Cnty. v. Newlon*, 297 N.E.2d 483, 484 (Ind. Ct. App. 1973). As such, a "trial court has the inherent power to reconsider any previous ruling so long as the action remains *in fieri*." *Johnson v. Estate of Brazili*, 917 N.E.2d 1235, 1242 n.5 (Ind. Ct. App. 2009).

17, 2012, Lazo filed his second motion to dismiss "pursuant to Indiana Trial Rule 12(B),[2] 41(C) and 41(D)." (Appellant's App. p. 47). On December 2, 2013, the trial court conducted a hearing on Lazo's second motion to dismiss, which was granted ten days later. In its Order, the trial court stated:

> The [c]ourt takes judicial notice of the [First Complaint's] chronological case summary and all pleadings, order, and motions filed [in the First Complaint]. The [c]ourt then took the matter under advisement.
>
> The [c]ourt now GRANTS the [m]otion to [d]ismiss. [Bradford] argues that 41E Dismissal only applies to the acts of trespass alleged therein and not to subsequent acts that occurred after the [First Complaint] was filed and before this cross-claim was filed. However, the case of *Ilagan v. McAbee*, 634 N.E.2d 827, 829 (Ind. Ct. App. 1994) holds a dismissal with prejudice constitutes a dismissal on the merits and a dismissal with prejudice is res judicata as to any questions that might have been litigated. Therefore the [m]otion to [d]ismiss herein is granted due to the dismissal on the merits entered in the [First Complaint].

(Appellant's App. p. 18). On February 10, 2014, Bradford filed a motion to correct error which, after a hearing, was summarily denied by the trial court.

[8]     Bradford now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

---

[2] Although Lazo failed to specify in his motion to dismiss which prong of Indiana Trial Rule 12(B) he wished to proceed under, he clarified that his motion was based on Ind. T.R. 12(B)(6) during the hearing.

## I. *Judicial Notice*

During the hearing on Lazo's motion to dismiss, the trial court granted his request to judicially notice the pleadings and proceedings in the First Complaint. Bradford contends that instead of merely considering the allegations in her complaint, the trial court improperly reflected on facts and information outside the pleadings in its determination of Lazo's motion to dismiss.

Indiana Trial Rule 12(B) provides that a motion to dismiss under Rule 12(B)(6) "shall" be treated as a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the trial court." Where a trial court treats a motion to dismiss as one for summary judgment, the trial court must grant the parties a reasonable opportunity to present Trial Rule 56 materials. Ind. Trial Rule 12(B). "The trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced." *Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001).

To determine whether a trial court's failure to give express notice deprives a nonmovant of a reasonable opportunity to respond with Indiana Trial Rule 56 materials, we must consider: (1)"whether the movant's reliance on evidence outside the pleadings should have been so readily apparent that there is no question that the conversion is mandated by T.R. 12(B);" (2)"whether there was ample time after the filing of the motion for the nonmovant to move to exclude

the evidence relied upon by the movant in support of its motion or to submit T.R. 56 materials in response thereto;" and (3)"whether the nonmovant presented substantiated argument setting forth how he would have submitted specific controverted material factual issues to the trial court if he had been given the opportunity." *Id*. at 951-52.

[12] Here, although the trial court referred to the hearing on Lazo's motion as a hearing on a motion to dismiss, and indicated in its order that it was granting Lazo's motion to dismiss, a review of the record reveals that the trial court did not deprive Bradford of a reasonable opportunity to respond with T.R. 56 materials or that Bradford was prejudiced.

[13] First, Lazo's reliance on the evidence outside the pleadings in this case was obvious. In his motion to dismiss Bradford's complaint, Lazo clearly references the First Complaint by cause number—alleging "damages resulting from an alleged denial of access to a shared common areas in Golf View Apartments,"—as well as the trial court's order to dismiss the First Complaint with prejudice. (Appellant's App. p. 47).[3] Given the mandatory wording of T.R.12(B), Bradford should have known that the trial court was compelled to convert the motion into a summary judgment motion. *See Duran v. Komyatte*, 490 N.E.2d 388, 391 (Ind. Ct. App. 1986) (noting that the operation of T.R.

---

[3] Even though the motion to dismiss indicates that the First Complaint and the order to dismiss are attached as "Exhibits," it appears from Bradford's reply to Lazo's motion that the Exhibits were not appended to the motion as filed before the trial court. Nevertheless, Lazo submitted these Exhibits to this court in a separate appendix.

12(B)(6) is "well known" and a "clear mandate" of which counsel should be cognizant), *reh'g denied, trans. denied*.

[14] Second, after Lazo filed his motion, Bradford had ample time before the hearing to either move to exclude the evidence relied upon by Lazo or to submit T.R. 56 materials in opposition thereto. In fact, in her response to Lazo's motion, Bradford unequivocally asserted that she "does not waive, agree or acquiesce to matters outside her complaint being considered on [Lazo's] Motion to Dismiss. She objects to having [Lazo's] dismissal motion[] treated as a summary judgment or partial summary judgment motion." (Appellant's App. p. 51). Despite this unambiguous statement, during the hearing on the motion, Bradford abandoned her position, responding, "We don't have a specific objection to the judicial notice concept, Judge, but the [c]ourt has to know what to take judicial notice of with regard to the [First Complaint]." (Transcript p. 27).

[15] Third, Bradford failed to indicate what specific additional material she would have presented if express notice had been given. Rather, instead of taking advantage of the opportunity to identify additional materials, during the proceedings Bradford argued the distinctions between the First Complaint and the current cause, and noted that "the [c]ourt, having taken judicial notice, will be able to see in the [First Complaint.]" (Tr. p. 31).

[16] Although the trial court wrongly designated its judgment as a judgment granting a motion to dismiss, the trial court did provide the parties with a

reasonable opportunity to present materials pertinent to a summary judgment motion, making the designation harmless. *See Dixon v. Siwy*, 661 N.E.2d 600, 604 (Ind. Ct. App. 1996). We will, therefore, review this case as arising from a grant of summary judgment.

## II. *Summary Judgment*

### A. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was

improper. *Id.* When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

## B. *Analysis*

[19] In its order, the trial court ruled that Bradford's cause was barred by *res judicata*. Bradford now contends that the doctrine is not applicable to the case at bar because the current cause is based on new evidence and, therefore, the trial court erred in dismissing her complaint.

[20] The doctrine of *res judicata* bars the litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010). The principle behind this doctrine, as well as the doctrine of collateral estoppel, is the prevention of repetitive litigation of the same dispute. *Id.* The following four requirements must be satisfied for a claim to be precluded under the doctrine of *res judicata*: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been determined in the prior action; and 4) the controversy

adjudicated in the former action must have been between the parties to the present suit or their privies. *Id.*

[21] Bradford does not dispute, and Lazo agrees, that the court deciding the First Complaint was vested with the authority to render an order in that cause. Likewise, the parties in the action have remained the same. Accordingly, the only elements at issue are the judgment in the First Complaint and the boundaries of the claim litigated in the previous action.

### 1. *Judgment on the Merits*

[22] We have previously held that "a dismissal with prejudice constitutes a dismissal on the merits." *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002 (Ind. Ct. App. 2003), *trans. denied*. Thus, a dismissal with prejudice is conclusive of the rights of the parties and is *res judicata* as to any questions that might have been litigated. *Id.* at 1002-03. As such, the dismissal with prejudice of the First Complaint represents a dismissal on all the merits.

### 2. *Determined in the Prior Action*

[23] It is well established that as to *res judicata*, a party is not allowed to split a claim or cause of action, pursuing it in a piecemeal fashion and subjecting the defendant to needless multiple suits. *Ind. State Highway Comm'n v. Speidel*, 392 N.E.2d 1172, 1175 (Ind. Ct. App. 1979). However, two or more separate causes of action may arise from the same tortious act, and in such case a judgment on one action does not bar suit on the second. *Id.* In this light, the

most critical question for the application of *res judicata* is whether the present claim was within the issues of the first or whether the claim presents an attempt to split a cause of action or defense. *Biggs v. Marsh*, 446 N.E.2d 977, 982 (Ind. Ct. App. 1983). It has generally been said that the test for making this determination is whether identical evidence will support the issues involved in both actions. *Id.*

[24] In the First Complaint, filed on June 3, 2008, Bradford asserted that Lazo prevented her from accessing "an easement to the electrical panel, furnace, and water heater in the hallway of" Lazo's condominium as well as challenged her access to the jointly-owned garage. (Appellees' App. p. 1). In her current complaint, Bradford contends

> 3. For the past five years, and continuing to date, [Lazo] ha[s], individually and/or in concert with each other, intentionally, deliberately and maliciously conducted themselves and acted to commit, against [Bradford], trespass, conversion, harassment, false imprisonment, obstruction of access to property, defamation, abuse of process, tortious interference with contractual relations and interference with the quiet enjoyment of [Bradford's] real and personal property located at Golf View, in addition to [Lazo's] filing of frivolous claims in [c]ourt against [Bradford].
>
> 4. [Lazo] block[s] Bradford's access and use of common areas of Golf View.
>
> * * *
>
> 7. [Lazo] block[s] Bradford's access and use of the garage she co-owns with them.

(Appellant's App. pp. 25-26). Despite the seemingly addition of several new causes of action in the current complaint, all claims find their genesis in the

same act, *i.e.*, Lazo's attitude towards Bradford gaining entrance into commonly held areas. *See Ind. State Highway Comm'n*, 392 N.E.2d at 1175.

[25] Nevertheless, in a reference to *Biggs*, Bradford insists that *different* evidence supports each complaint. Namely, she claims that the First Complaint "could have only pertained to acts which [Lazo] had already performed before the filing of the [June 3, 2008] [First Complaint]," whereas the current cause alludes to acts committed in 2011. (Appellant's Br. p. 15). Regardless, Bradford's own complaint contradicts her argument. In its introductory paragraph, the complaint unambiguously references acts "[f]or the past five years and continuing to date[.]" (Appellant's App. p. 25). As the complaint was filed on January 30, 2012, it encompasses acts reaching back to January 30, 2007—prior to the filing of the First Complaint. Therefore, implicit in this opening paragraph is Bradford's acknowledgment that the current case is intrinsically woven into the operative facts of the First Complaint.

[26] Moreover, in *Hilliard v. Jacobs*, 957 N.E.2d 1043 (Ind. Ct. App. 2011), *reh'g denied*, *trans. denied*, *cert. denied* 133 S.Ct. 577 (2012), we discussed the identical evidence test proposed by *Biggs*. Rejecting a literal interpretation of the test "as it would invite piecemeal litigation with a vengeance," we advocated for the application of a practical interpretation of the identical evidence test. *Id*. at 1047 (*quoting Atkins v. Hancock Co. Sheriff's Merit Bd.*, 910 F.2d 403, 405 (7th Cir. 1990)). Here, Bradford's claims all sought the same ultimate relief and there is no claim in the second case that could not have been adjudicated in the first case. Allowing Bradford's claims to continue would be allowing her the

possibility of seemingly endless litigation about Lazo's conduct over a specific time period—as long as she withheld some piece of evidence or some legal theory, she could attempt to litigate her claims again until she received a ruling in her favor. This would completely eviscerate the doctrine of *res judicata*.

[27] Consequently, in light of the evidence before us, we agree with the trial court that Bradford's cause is barred by *res judicata* and thus affirm the summary judgment in favor of Lazo.

## CONCLUSION

[28] Based on the foregoing, we conclude that the trial court's order to dismiss is more properly characterized as a summary judgment because of its consideration of matters outside the pleadings. Furthermore, we conclude that the trial court properly determined that Bradford's action was barred on *res judicata* principles.

[29] Affirmed.

[30] Vaidik, C. J. and Baker, J. concur