Dale M. **ANDIS** and Pamela Jane Andis, Appellants,

v.

David Roy **NEWLIN,** Appellee.

No. 1082S385.

Supreme Court of Indiana.

Dec. 29, 1982.

Robert F. Craven, Indianapolis, for appellants.

William L. Thompson, Salem, for appellee.

ON PETITION TO TRANSFER

DeBRULER, Justice.

This is an appeal from a judgment of the Orange Circuit Court in a personal injury case. The claim was prosecuted below by appellants Andis, father and minor daughter, on the basis of injuries allegedly produced as a result of appellee's wanton and wilful misconduct, a claim governed by the Indiana Guest Passenger Statute. Ind.Code § 9–3–3–1. The judgment was for the defendant-appellee, Newlin.

■ This appeal was initiated in the Court of Appeals which affirmed the judgment summarily on motion of appellee because of a failure of the record of proceeding to evidence that the transcript of the evidence given at trial was filed with the clerk of the trial court and made part of the record as required by Ind.R.App.P. 7.2(A).

The action of the Court of Appeals has been challenged before us in a petition to transfer. In *Dahlberg v. Ogle,* (1977) 266 Ind. 524, 364 N.E.2d 1174, this Court held that compliance with the rule was satisfied by a statement in the judge's certificate that the transcript "is now filed with said Clerk and made a part of the record herein." In that case there was no file stamp, order book entry, or statement in the certificate of the clerk from which to infer filing. Here, there is no file stamp of the clerk of the trial court, order book entry, or statement in the judge's certificate to support filing, however, the clerk's certificate states that the transcript was signed and allowed by the trial judge before it was filed in the cause all as reflected by the records of the court. This statement was, like the statement of the judge considered in the *Dahlberg* case, a minimally sufficient evidence of compliance with the rule. The petition to transfer is therefore granted, and in exercise of our inherent jurisdiction to so do, we retain the appeal for purposes of final resolution.

The trial below was to the court. After hearing the evidence of the parties, the court took the case under advisement and later rendered his judgment for the defendant. He concluded that the evidence at the trial together with all reasonable inferences to be drawn therefrom failed to establish wanton and wilful misconduct on the part of the defendant. The issue in the motion to correct errors and in this appeal is whether the decision of the trial court was contrary to the evidence. Ind.R.Tr.P. 59(A)(4).

■ In a civil case such as this the burden of proof rests with the plaintiff to establish the elements comprising his claim by a preponderance of the evidence. In a trial to the court the judge hearing the case is the sole judge of the weight of the evidence and the credibility of the witnesses. Due deference to the fact-finding function of the trier of fact requires that a judgment against the party bearing the burden of proof be affirmed on appeal unless it can be said that the evidence is without conflict and leads unerringly to a result not reached. *Turman v. State,* (1979) Ind., 392 N.E.2d 483.

■ In order for a guest passenger to recover damages from a host driver for injuries resulting from the operation of a motor vehicle it must be shown that at the time of the occurrence the driver knew what he was doing, knew that under the existing conditions his conduct subjected his guests to a high probability of injury, and was motivated by a desire to assert himself or his interests above or beyond, or in reckless indifference for their safety. *Clouse v. Peden,* (1962) 243 Ind. 390, 186 N.E.2d 1. Evidence of this knowledge and assertiveness was found to exist where the automobile was operated at a greatly excessive rate of speed upon a loose gravel road and into an intersection at which oncoming traffic was obscured and the guest had warned the host driver of the danger. *Clouse v. Peden, supra.* A case of wanton or wilful misconduct for submission to a jury was determined to have been made out upon proof that a host driver operated his car without stopping, looking, or slackening his speed across a railroad crossing at forty miles per hour at night while the flasher signal was displaying red lights clearly visible to him, and he was warned of the danger confronting him by passengers in time to have avoided collision with the oncoming locomotive. *Bedwell v. DeBolt,* (1943) 221 Ind. 600, 50 N.E.2d 875. More than mere negligence or carelessness is required. Malice and ill will are not elements of the claim.

In the case before us, appellee, David Newlin, a seventeen-year-old, left a Halloween party at the home of a high school classmate sometime near midnight, accompanied by three other classmates including appellant, Pamela Jane Andis. He was in the front seat with Beatrice Paulsen; she was in the back seat with Cleo Denton. They drove around the Town of Paoli for awhile and then took a drive through the countryside on a circuitous route home to permit some time for chatting and socializing. Newlin was vaguely familiar with the

county road. It was a narrow, bumpy, curvy, blacktop road. The tape player was on. The road surface was clear and dry. Newlin was driving between forty and fifty miles per hour. The car approached a slight hill which rises and hides a curve beyond to some degree until one approaches very close to it. Beyond the crest of this hill it was confronted on the downhill side with a forty-five degree curve to the right which is banked the wrong way for traffic. Newlin failed to negotiate this curve, applied the brakes, and skidded some ninety feet across the roadway, through some weeds, and finally crashed into some trees along the roadside. Appellant, Pamela Jane Andis, appellee Newlin, and Bea Paulsen were injured. Cleo Denton was killed.

In the testimony of the defendant, the following is to be found:

"Q. What happened, David? Tell the Court what happened out there?

A. I don't know. I was driving along and, you know, it happened.

Q. What was the first thing that you were aware was wrong?

A. I just remember these trees, you know, and that was it.

    *     *     *     *     *     *

Q. Just tell him what happened.

A. Well, I was just driving along. I wasn't in no hurry or anything because Cleo didn't want to get home in no particular time. He wasn't in no hurry. I wasn't in no hurry. So we was just driving along and the next thing I knew, I was looking at some trees."

Further testimony showed that appellee Newlin had had six hours of sleep the night before and had gotten up that morning between 5:00 and 6:00 a.m.; that this was usual for him; and that he had worked all day with his father on their farm.

Appellant argues that the reasonable inference to be drawn from the evidence is that appellee Newlin was simply too tired to negotiate this curvy road at the speed attempted and that he was consciously resisting premonitions of drowsiness, and upon this basis he showed wanton or wilful misconduct. Juxtaposed to the inference that appellee may have been tired and sleepy at the time is other evidence that his appearance and demeanor were normal at the time, that he had been drinking coke, that he was looking straight ahead in driving, and that he applied his brakes before the impact. These matters tend to show alertness on his part and to diminish the role which fatigue may have played in reducing his perception of events. On the whole there was no necessary inference required to be made by the trier of fact that appellee resisted great drowsiness thereby manifesting the type of knowledge of danger and assertiveness in the face thereof which characterizes the breach of duty of a host driver to guest passengers. We believe that circumstances shown by evidence free from contradiction, clearly and compellingly leading to a determination of wanton and wilful misconduct on the part of appellee, are lacking in this case.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.