**PORTER COUNTY BOARD OF ZONING APPEALS, Jesse D. Russell and Juanita J. Russell, Appellants (Respondents Below),**

v.

**Gerald J. BOLDE, Appellee (Petitioner Below).**

**No. 64A03–8803–CV–68.**

Court of Appeals of Indiana, Third District.

Dec. 5, 1988.

On Rehearing Feb. 6, 1989.

Brian J. Hurley, Douglas, Douglas & Douglas, Valparaiso, for appellants.

Barbara A. Young, Katharine E. Gerken, Hoeppner, Wagner & Evans, Valparaiso, for appellee.

STATON, Judge.

The Porter County Board of Zoning Appeals (Board) appeals the judgment of the trial court reversing the Board's grant of a special exception. This appeal raises two issues, which we restate and renumber as:

1. Whether the application for a special exception is barred by administrative *res judicata.*

2. Whether the trial court's findings of fact and conclusions of law are contrary to law.

We reverse and remand with instructions.

Jesse Russell and Gerald Bolde both own property in Porter County which is classified as RR, rural residential, under the Porter County Zoning Ordinance. On June 29, 1983, Russell applied to the Board for a use variance for "a private recreational development and bait sales." (R. 254.) The Board denied the variance on August 15, 1983. Russell filed a second application for a variance on March 15, 1985, for a "pay lake and bait shop" operation. (R. 258.) This time the Board granted the use variance.

Through a writ of certiorari Bolde sought review of this decision in the Porter Superior Court. That court reversed the Board's grant of the variance, concluding that *res judicata* barred the second application for a use variance. This order was not appealed.

On March 31, 1987, Russell applied for a special exception to use his property as "a private recreational development and bait shop." (R. 85.) After a public hearing on the application, the Board granted Russell's application for a special exception on April 20, 1987. Bolde again sought review of this decision through a writ of certiorari. The trial court ordered the Board to file findings of fact in support of its decision granting the special exception. After a hearing, the trial court reversed the Board's decision and entered specific findings of fact and conclusions of law. The Board appeals this judgment.

## I.

### *Res Judicata*

The Board raises the issue whether administrative *res judicata* bars Russell's application for a special exception. It is well established that *res judicata* applies to repeated applications for special exceptions as well as for use variances, absent a change of circumstances or conditions. *See Boffo v. Boone County Board of Zoning Appeals* (1981), Ind.App., 421 N.E.2d 1119, *reh. denied* (special exceptions); *Easley v. Metropolitan Board of Zoning Appeals of Marion County* (1974), 161 Ind. App. 501, 317 N.E.2d 185, *trans. denied* (variances). The issue before us today is whether a prior application for a variance, which is denied, bars a subsequent application for a special exception.

The Board argues that *res judicata* should not apply because a special exception and a variance are substantially distinct remedies. Bolde, on the other hand, argues that *res judicata* should apply because Russell seeks the same use for his land through the special exception application as he sought through the variance application.

The starting point in our analysis is the policy behind applying *res judicata* to administrative proceedings.

> [G]enerally ... a zoning board should not indiscriminately or repeatedly reconsider a determination denying a variance absent a change of conditions or circumstances. If it were otherwise there would be no finality to such proceedings.

*Braughton v. Metropolitan Board of Zoning Appeals* (1970), 146 Ind.App. 652, 257 N.E.2d 839, 842, *overruled in part on other grounds, Easley, supra.*

Although *Braughton* was overruled in part by *Easley,* the court in *Easley* quoted the above language with approval. It has been noted that in administrative proceedings, most problems involve the collateral estoppel branch of *res judicata,* for the operation of which the issues must be identical. *South Bend Federation of Teachers v. National Education Association— South Bend* (1979), 180 Ind.App. 299, 389 N.E.2d 23, 32 (footnote 5), *trans. denied;* 2 K. Davis, *Administrative Law Treatise,* § 18.04 (1958) at 568. Indeed, Bolde argues that *res judicata* should apply here because the issues before the Board are substantially the same, namely, that the use will serve and not be injurious to the public welfare. While the two do share this element, significant substantive distinctions exist between a variance and a special exception.

[A] variance involves a deviation or change from the legislated zoning classification applicable to a certain piece of property; a special exception, on the other hand, involves a use which is permitted in the given zoning classification once certain statutory criteria have been found by the Board to exist ...

The inclusion of the particular use in the ordinance as one which is permitted under certain conditions, is equivalent to a legislative finding that the prescribed use is one which is in harmony with the other uses permitted in the district, and, while a variance can be granted only with respect to a particular property as to which unnecessary hardship is found, the special exception permit must be granted to any and all property which meets the conditions specified. (Footnotes omitted.)

3 [A.H.] Rathkopf, [*The Law of Zoning and Planning,* § 41.05 (1980)], at 41–19, 20. Thus, it has been said that "[s]tandards or criteria for the issuance of special permits [or exceptions] are usually less stringent than in the case of variances," 82 Am.Jur.2d [Zoning and Planning § 284 (1976)] at 832, and "[s]ince the exception bears legislative sanction ... the burden of the applicant is much lighter than it would be if he sought a use variance." 3 E.C. Yokley [Zoning Law and Practice], § 20–1 (1979) at 219–20. *See also,* 3 Rathkopf, *supra,* at 41–65.

*Boffo, supra* at 1123–24. *See also Metropolitan Board of Zoning Appeals v. Gunn* (1985), Ind.App., 477 N.E.2d 289; *Ash v.*

*Rush Co. Board of Zoning Appeals* (1984), Ind.App., 464 N.E.2d 347, *trans. denied.*

Furthermore, the criteria which must be met are not the same. IC 36–7–4–918.4 provides that a variance may be approved if the Board determines that:

(1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;

(2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner;

(3) the need for the variance arises from some condition peculiar to the property involved;

(4) the strict application of the terms of the zoning ordinance will constitute an unnecessary hardship if applied to the property for which the variance is sought; and

(5) the approval does not interfere substantially with the comprehensive plan adopted under the 500 series of this chapter.

The Porter County Zoning Ordinance provides that the Board shall issue a special exception upon finding that:

(a) The proposed Special Exception is to be located in a District wherein such may be permitted, and,

(b) The requirements set forth in Table 19 for such Special Exception will be met, and,

(c) The Special Exception is consistent with the spirit, purpose and intent of this Ordinance, will not substantially and permanently injure the appropriate use of neighboring property, and will serve the public convenience and welfare[.]

Thus, even though an overlap exists with respect to the public welfare issue, the petitioner for a special exception must address several new issues and need not address some issues raised in the application for a variance.

Given that the approval of a variance is within the Board's discretion, while a special exception must be granted if the requirements are met, and that the specific requirements of the two are substantially different, we cannot conclude that a prior denial of a variance bars the petitioner from applying for a special exception. Therefore, we reverse the trial court's judgment that *res judicata* prohibits the Board from granting the special exception.

## II.

### Specific Findings and Conclusions

██ The Board also raises the issue whether the trial court's specific findings of fact and conclusions of law are contrary to law because the trial court ignored the findings of fact made by the Board. On appeal, we afford special findings by the trial court a two-tier standard of review. First, we must determine if the evidence supports the findings, and second, we must determine if the findings support the judgment. If we conclude that the findings support the judgment and are not clearly erroneous, the judgment will be affirmed. A judgment is clearly erroneous when a review of the record leaves us with a definite and firm conviction that a mistake has been made. *DeKalb County Eastern Community School District v. DeKalb County Eastern Education Association* (1987), Ind.App., 513 N.E.2d 189, 191.

██ We must also keep in mind that the trial court was reviewing the decision of a Board of Zoning Appeals. In reviewing such a decision, this court and the trial court are bound by the same standard. We presume that the determination of the Board, as an administrative agency with expertise in zoning matters, is correct. The Board's decision should not be reversed unless it is arbitrary, capricious, or an abuse of discretion. *Maxey v. Board of Zoning Appeals* (1985), Ind.App., 480 N.E.2d 589, 592, *trans. denied.* Thus, a reviewing court does not conduct a *trial de novo* and may not substitute its decision for that of the Board. *Boffo, supra,* at 1125. Too, courts may not make findings for the agency. It is the agency's duty to make the findings. Courts may only review them to determine whether the findings are supported by evidence in the record. *Id.* Thus, in reviewing the trial court's findings of fact and conclusions of law, we necessarily also review the Board's findings of fact.

The Board attacks the trial court's findings as contrary to law because the trial court ignored the findings of the Board and made its own determinations of fact. The trial court made extensive findings of fact based on the evidence presented at the hearing on the writ of certiorari. For the most part, the findings indicate that the trial court did not limit itself to the proper review. However, a proper review of the Board's findings is not possible. The Board entered the following findings of fact:

1. The Board of Zoning Appeals, hereinafter referred to as "Board", has jurisdiction and authority to grant a special exception in this matter.

2. Petitioner has followed the procedures set out in the ordinance for obtaining a special exception.

3. The report of the Plan Commission was submitted and was found favorable to Petitioner on all matters.

4. The land for which the special exception is requested is in a district in which a private recreational development is permitted.

5. The requirements set forth under the zoning ordinance will be met. The Board reserves the right and jurisdiction to monitor the Petitioner's property to insure all requirements under the ordinance will be met within a reasonable time.

6. The special exception is consistent with the spirit, purpose and intent of this ordinance, as the proposed development fits properly in a residential setting. The special exception will not substantially and permanently injure the appropriate use of neighboring property and will serve the public convenience and welfare.

(R. 65.)

██ As noted above, the Board has a duty to make findings of fact in support of its decision. "Written findings help maintain the integrity of the Board's decision by insuring that our review is strictly limited to those findings." *Kunz v. Waterman* (1972), 258 Ind. 573, 577, 283 N.E.2d 371, 373, *reh. denied.* Crucial to this requirement is that the Board make the basic findings of fact upon which the ultimate findings are based. *Gunn, supra,* at 300. It is the finding of the basic facts that require the weighing of the evidence presented; a process in which the courts may not engage. Only if we are given the basic findings can we determine whether evidence in the record supports those findings.

██ The findings entered by the Board are findings of ultimate fact without findings of the supporting basic facts. In other words, the Board made the affirmative findings required by the zoning ordinance, without making the specific findings supporting its conclusions. Consequently, in

reviewing the Board's decision, the trial court considered the same evidence that was before the Board and made its own findings of fact, going beyond the permitted scope of review. The proper procedure is to remand for specific findings. *Id.* Because we reverse the trial court's judgment on the *res judicata* issue, we remand with instructions to the trial court to remand to the Board for specific findings of fact. Once the Board has entered its specific findings, the trial court must limit itself to determining whether evidence in the record supports the Board's findings.

Reversed and remanded with instructions.

HOFFMAN, J., concurs.

BUCHANAN, J., concurs in result.

STATON, J.

## OPINION ON PETITION FOR REHEARING

The Porter County Board of Zoning Appeals (Board) appealed the trial court's judgment reversing the Board's grant of a special exception. In a published opinion dated December 5, 1988, we reversed the trial court, holding that *res judicata* did not bar an application for a special exception subsequent to an application for a use variance which was denied. 530 N.E.2d 1212. Bolde petitions for rehearing on the ground that we failed to address the issue of collateral estoppel as it applies to the public welfare element common to both a use variance and a special exception. We deny the petition for rehearing with opinion to address this issue.

 The collateral estoppel, or "issue preclusion," branch of *res judicata* is applicable when a particular issue is adjudicated and then is put into issue in a subsequent suit on a different cause of action between the same parties or those in privity with them. The former adjudication of the issue is held to bind the parties who are privies of the subsequent suit. *State of Indiana, Indiana State Highway Commission v. Speidel* (1979), 181 Ind.App. 448, 453, 392 N.E.2d 1172, 1175.

 As noted in our opinion, to grant a use variance or a special exception, the Board must find that the use will serve and not be injurious to the public welfare. 530 N.E.2d at 1215. Bolde argues that when the Board initially denied the application for use variance, it impliedly found that the use would not serve the public welfare. Therefore, that finding should be binding in the subsequent application for a special exception. However, it is not clear from the record that the Board denied the use variance because it would be injurious to the public welfare. The minutes of the Board meeting reflect that one member was concerned with permitting a commercial development in a residential area while another member voted to deny because a bait building had not been built on the property as required. We cannot conclude that the Board made a finding, by implication or otherwise, that the use would be injurious to the public welfare so that further consideration of the issue is barred in the subsequent application.

Petition for rehearing denied.

HOFFMAN, J., and BUCHANAN, J., concur.