Paul J. ELSNER and Betty L. Elsner,
Appellants–Plaintiffs,

v.

Edward J. ELSNER and Sheila P.
Elsner, Appellees–Defendants.

No. 30A05–9103–CV–75.

Court of Appeals of Indiana,
Fifth District.

July 17, 1991.

Raymond S. Robak, Robak & Murphy, Greenfield, for appellants-plaintiffs.

Elizabeth Bashaw Bybee, Gregg & Bybee, Anderson, for appellees-defendants.

BARTEAU, Judge.

Paul and Betty Elsner appeal from a negative judgment in favor of their former daughter-in-law, Sheila Elsner. The only issue is whether the decision of the trial court was contrary to law. We affirm.

### FACTS

In July of 1975 Edward J. Elsner and Sheila P. Elsner purchased a house. They acquired the $14,000.00 downpayment from Paul and Betty Elsner, Edward's parents. The $14,000.00 was a loan but the terms of the agreement were not reduced to writing. Very few payments were ever made but because the Elsners did not keep records of the payments on the loan, the amount of the outstanding balance is unknown. Edward and Sheila separated in 1983 and divorced in 1985. Paul and Betty brought this action to recover the loan proceeds in August of 1988. Edward did not enter an appearance or contest the action but did testify on Paul and Betty's behalf. The trial judge granted summary judgment to Paul and Betty and against Edward in the amount of $13,727.11. The judge entered

judgment in favor of Sheila and it is only this order which Paul and Betty appeal.

## STANDARD OF REVIEW

When reviewing an appeal from a negative judgment we must determine whether the judgment is contrary to law. A judgment is contrary to law when the evidence is without conflict and leads to but one conclusion which is contrary to that reached by the trial court. *Ashland Pipeline Co. v. Indiana Bell Telephone Co.* (1987), Ind.App., 505 N.E.2d 483, *trans. denied.* Since the trial court made specific findings of fact, we are bound to review the same under the following standard: we first must determine whether the evidence supports the findings; then determine whether the findings support the judgment. *Porter County Board of Zoning Appeals v. Bolde* (1988), Ind.App., 530 N.E.2d 1212. The judgment of the trial court will be affirmed if we conclude that the special findings support the judgment and are not clearly erroneous. *ITT Industrial Credit Co. v. R.T.M. Development Co.* (1987), Ind. App., 512 N.E.2d 201. A judgment is clearly erroneous where a review of the record leaves us with a firm conviction that a mistake has been made. *Porter County, supra.*

## DISCUSSION

In their brief, appellants Paul and Betty Elsner challenge each of the trial court's findings as being contrary to the evidence.[1] The trial judge entered the following findings of fact:

1. This lawsuit arises from a loan which Plaintiffs claim to have made to their son Edward J. Elsner and his wife, Sheila P. Elsner in 1975 or 1976 in the amount of $14,000.00. Arrangements for the loan were made between the Plaintiffs and their son, Edward. No written documentation of the loan was made.

2. The evidence is disputed as to whether Sheila Elsner was present for the negotiations regarding the loan and its repayment. Defendant Sheila Elsner claims she did not discuss this matter with the Plaintiffs. Plaintiffs could not testify that they discussed this matter with the Defendant Sheila Elsner but did testify that she was present at their home while negotiations were being conducted and that she was present when the money was actually given to Edward Elsner.

3. The evidence establishes that the funds from this loan were used to make a downpayment on a residence purchased by Edward and Sheila Elsner.

4. Certain payments were made by Edward Elsner toward the loan. Records of payments were not kept by the Plaintiffs. Defendant Edward Elsner kept certain records which were confusing regarding the date of the loan and the dates of repayment.

5. The evidence was undisputed that the last payment received by the Elsners toward the loan was October 1978. No demand was made by the Elsners for repayment to the Defendant, Sheila Elsner.

6. The Plaintiff's (sic) and the Defendant Edward Elsner testified that the oral loan agreement provided that the loan was to be repaid at the rate of $116.00 per month and was to carry interest at the rate of 7%. Further, in the event of non-payment the Plaintiff's (sic) had the option to declare the entire balance of the loan immediately due and payable.

7. Plaintiffs were unable to state the sum currently due upon the outstanding loan. A calculation of the outstanding balance was testified to by the Defendant Edward Elsner but said calculation was based on financial records kept by the Defendant which were proven to be inaccurate.

8. Edward and Sheila Elsner separated and filed for a dissolution in July, 1983. The dissolution was not granted until December 1985. On or about September 30, 1985, Sheila Elsner filed cer-

---

1. We remind appellant's counsel that appellant's brief should have contained a verbatim state-ment of the trial court's judgment pursuant to Appellate Rule 8.3(A)(4).

tain answers to interrogatories in the divorce action which referenced the loan outstanding to the Plaintiffs. The Plaintiff's (sic) contend that this was a (sic) an unconditional promise to pay the loan by Sheila Elsner which makes the filing of this action in August 1988 within the statute of limitations. Such a contention is not supported by the evidence for the reason that said communication was never directly communicated by the Defendant Sheila Elsner to the Plaintiffs nor is the communication addressed to the Defendants.

9. The decree of dissolution entered between the Defendant Sheila Elsner and the Defendant Edward Elsner assigns responsibility as between the Defendants for the repayment of the balance due on the loan to the Plaintiffs. As between the Defendants, their obligations to each other in this regard is governed by the terms of said decree and must be resolved in the Dissolution cause. Plaintiffs were not parties to said divorce action. As such said decree neither limits or expands their rights as between the Plaintiffs and the Defendant Sheila Elsner.

10. The Plaintiffs in this action have failed to carry their burden of proof by a preponderance of the evidence as to all essential elements of their claim. Plaintiffs have neither proven an agreement for repayment with the Defendant Sheila Elsner nor have they proven the balance due upon the loan. As a result, the Plaintiffs can not (sic) prevail on their claim and the Court does not need to reach the issue of the statute of limitations to resolve this litigation.

10. (sic) Judgment should be entered against the Plaintiffs and in favor of the defendant, Sheila Elsner on Plaintiff's (sic) complaint.

■ Our review of the record reveals ample support for the court's findings of fact and ultimate decision. Paul and Betty Elsner bore the burden of proving the existence of an oral contract between themselves and their daughter-in-law, Sheila. *Andis v. Newlin* (1982), Ind., 442 N.E.2d 1106. However, neither Paul nor Betty testified that Sheila participated in the loan negotiations or promised to repay the loan. They argue that her presence in the house while the loan was discussed, her subsequent use of the money and her knowledge that her husband was making payments (the amount of which she was unaware) establish an obligation to repay the loan. While some might consider the foregoing facts as evidencing a moral obligation to repay the debt, they are insufficient to establish a legal obligation. While the evidence is undisputed that Paul and Betty entered into a loan arrangement with their son, Edward, the evidence was insufficient to establish a "meeting of the minds" between the elder Elsners and Sheila. "[E]ssential to the formation of a contract is a 'meeting of the minds' of the contracting parties: the parties must have the same intent." *Bain v. Board of Trustees of Starke Memorial Hospital* (1990), Ind. App., 550 N.E.2d 106 (citing *Wagoner v. Joe Mater & Assoc.* (1984), Ind.App., 461 N.E.2d 706).

■ The trial court was also correct in its determination that the allocation of the outstanding debt between Sheila and Edward by the divorce court had no relevance in these proceedings. The existence of a contract or the liability of a party is not altered by a subsequent court ruling between different parties. Privity and mutuality of estoppel are required to support a plea of former adjudication of an issue. *Tobin v. McClellan* (1947), 225 Ind. 335, 73 N.E.2d 679, *rehear. denied*, 225 Ind. 335, 75 N.E.2d 149. "[O]nly parties to the former judgment or their privies may take advantage of or be bound by it.... The estoppel is mutual if the one taking advantages of the earlier adjudication would have been bound by it, had it gone against him." *Id.* Paul and Betty Elsner were not parties to the dissolution of Edward and Sheila's marriage. They therefore would not have been restrained from pursuing an action against Sheila for the entire amount of the debt even if the dissolution court had determined that she should be completely absolved of liability on the loan. The trial court's finding that neither the answer to

interrogatories in the dissolution of marriage action nor the allocation of the loan obligation in the dissolution decree were binding upon the parties to this action was proper.

The remainder of the arguments raised are merely requests for us to view the evidence in a light more favorable to Betty and Paul Elsner's point of view. "In a trial to the court the judge hearing the case is the sole judge of the weight of the evidence and the credibility of the witnesses. Due deference to the fact-finding function of the trier of fact requires that a judgment against the party bearing the burden of proof be affirmed on appeal unless it can be said that the evidence is without conflict and leads unerringly to a result not reached." *Andis, supra.* Although the evidence was not without conflict, the findings of fact were supported by substantial evidence and the judgment of the trial court was supported by the findings of fact. As such, we defer to the judgment of the trial court.

AFFIRMED.

CHEZEM and RUCKER, JJ., concur.