**Bud VAN SCOIK, Appellant–Petitioner,**

**v.**

**KOSCIUSKO COUNTY BOARD OF ZONING APPEALS, Appellee–Respondent.**

**No. 43A03–9204–CV–104.**

Court of Appeals of Indiana, Third District.

Aug. 31, 1992.

Stephen R. Snyder, Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellant-petitioner.

Michael W. Reed, Reed & Earhart, Warsaw, for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Bud Van Scoik (Van Scoik) appeals the trial court's denial of his petition for writ of certiorari to review the decision of the Kosciusko County Board of Zoning Appeals (BZA) which upheld the denial of an improvement location permit.

The facts relevant to the appeal disclose that in May of 1991, Van Scoik applied for an improvement location permit to construct a garage on real estate he owned in Kosciusko County. The ordinance administrator refused to issue the permit, and Van Scoik appealed the decision to the BZA. The BZA held a hearing on the matter on June 11, 1991, and upheld the ordinance administrator's decision based on the following findings:

"1. There was no evidence to support the petitioner which showed an attached garage was considered and allowed as a part of the compromise decision on Case # 8603A (November & December of 1986).

2. The permits issued on this site (# 85198 and # 87213) were issued for a 'house' only. The Area Plan Commission Staff will list on the face of the permit if a garage (attached or detached) is to be a part of the permit. The site plans submitted by the petitioner for the construction of the 'house' do not show a garage structure of any type.

3. The minutes of the meeting from Case # 8603A make no mention of any kind for an attached garage.

4. The Members of the Board of Zoning Appeals from the time of Case # 8603A do not recollect an attached garage as being a part of the proposed structure."

On July 9, 1991, Van Scoik filed a petition for writ of certiorari which the trial court denied after a hearing on December 16, 1991. This appeal ensued.

Van Scoik's sole claim on appeal is that the trial court erred in denying his petition for writ of certiorari to review the decision of the BZA. In reviewing the decision of a zoning board, this Court is bound by the same standard as the trial court. *Porter County Bd. of Zon. App. v. Bolde* (1988), Ind.App., 530 N.E.2d 1212, 1215. There is a presumption that determinations of a zoning board, as an administrative agency with expertise in the area of zoning

problems, are correct and should not be overturned unless they are arbitrary, capricious, or an abuse of discretion. *Id.* Thus, a reviewing court does not conduct a trial *de novo* and may not substitute its decision for that of the board. *Id.* A reviewing court may vacate a board's decision only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by the board are clearly erroneous. *Town of Beverly Shores v. Bagnall* (1992), Ind., 590 N.E.2d 1059, 1061.

Specifically, Van Scoik argues that the BZA's finding regarding the lack of evidence in support of his claim that the original building permit granted him the right to construct an attached garage (finding number 1) was "clearly and blatantly false". As Van Scoik notes, the record contains his affidavit and the affidavit of his attorney, both of which state that the proposed reconstruction included an attached garage as well as a residence. Van Scoik also notes that the site plan in the application for improvement location permit # 85198 "indicates an attached structure of some type". However, as the trial court noted in its ruling, the BZA's other findings conflict with Van Scoik's evidence, and the standard of review accords great deference to the board when the board's findings of fact are challenged. *Beverly Shores* at 1061. In accordance with the standard of review, this Court affirms the judgment of the trial court.

Van Scoik also contends that the BZA's failure to produce a transcript of the 1986 hearing regarding his proposed reconstruction denied him his right to a meaningful judicial review of the BZA's action. However, Van Scoik did not request such a transcript in his writ of certiorari; therefore, he has waived the issue for appellate review. *Harbeson v. Town of Lanesville* (1985), Ind.App., 486 N.E.2d 1065, 1070; *see also* IND.CODE § 36-7-4-1008.

Moreover, even if Van Scoik had not waived the issue, this Court has recently determined that a verbatim transcript is not necessary because an accurate summary of the evidence presented to a zoning board is sufficient to allow a meaningful

review of the board's decision. *Allen v. Board of Zoning Appeals* (1992), Ind.App., 594 N.E.2d 480, 483. The instant record contains the minutes of the 1986 hearing, and as Van Scoik argues only that the minutes are incomplete rather than inaccurate, this Court will not substitute its judgment for that of the BZA. Again, the judgment of the trial court is affirmed.

Affirmed.

STATON and CHEZEM, JJ., concur.