Loretta BACA, Appellant–Plaintiff,

v.

NEW PRIME, INC., Prime, Inc., and Independent Contractor Operators of Springfield, Appellees–Defendants.

No. 89A01–0108–CV–304.

Court of Appeals of Indiana.

Feb. 25, 2002.

Richard J. Dick, Samuel L. Jacobs, Mitchell Hurst Jacobs & Dick, Indianapolis, IN, Attorneys for Appellant.

Richard A. Young, Eric D. Johnson, Kightlinger & Gray, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellant-plaintiff Loretta Baca appeals the trial court's grant of summary judgment entered in favor of the Appellees-defendants, New Prime, Inc., and Independent Contractor Operators of Springfield (Independent) (collectively referred to as "New Prime"). Specifically, Baca argues that the trial court erroneously determined that Indiana law applies in these circumstances and bars her cause of action against New Prime in light of our automobile Guest Statute, IND. CODE § 34–30–11–1.

### FACTS

The stipulated facts submitted by the parties reveal that on June 12, 1996, an automobile accident occurred on Interstate 70 in Wayne County. Loretta was a passenger in a truck being driven by her husband Christopher, who was employed by Independent, a Missouri company. Christopher had entered into an employment contract with New Prime in Missouri, and was working under that contract at the time of the accident. New Prime was the owner of the truck that Christopher was driving.

At one point during the trip, Christopher collided with a truck that was driven by Marvin Champion, a Florida resident who, in turn, collided with a vehicle operated by Sandra Retaz, an Indiana resident. Christopher died as a result of the injuries he sustained in the accident. Loretta also was injured in the crash.

At the time of the accident, Loretta was a Connecticut resident, and she and Christopher had recently married. Loretta initially received medical assistance in Indiana and was subsequently treated by physicians in Connecticut upon her return there.

Following the accident, Loretta commenced her cause of action against New Prime on April 16, 1998, presumably on the basis of vicarious liability for the injuries she sustained in the crash. The com-

plaint alleged that Christopher had been "careless and negligen[t] while driving the trailer in the scope of his employment." Appellant's App. at 15. New Prime denied the allegations and raised an affirmative defense, alleging that Loretta's claim was barred by the Guest Statute.

On July 6, 1999, Loretta filed a motion for partial summary judgment, asserting that Indiana's only connection to the parties involved was that the accident occurred within its borders. Thus, she claimed that Indiana law should not apply under these circumstances and, therefore, she was entitled to judgment as a matter of law on this issue. In response, New Prime filed a cross-motion for summary judgment, asserting that Indiana's contacts with this particular litigation were not insignificant, as alleged by Loretta. Specifically, New Prime pointed out in its motion that all relevant acts and incidents occurred in Indiana, "including all tortious conduct and injuries that form the basis of Plaintiff's complaint." Appellant's App. at 6. Thus, New Prime argued that Indiana law should apply.

Following a hearing on the summary judgment motions, the trial court entered partial summary judgment in New Prime's favor. It determined that contacts with the State of Indiana in this matter were not "insignificant." Appellant's App. at 10. The court noted that the tortious conduct and injuries occurred in Indiana, and each party agreed that Indiana's "rules of the road" applied in these circumstances and ultimately controlled as to whether the defendant committed any negligent act. Appellant's App. at 10. The trial court also observed it would be difficult, if not

impossible, for it to "pick a state from the plethora of possibilities set forth in the stipulation which has more significant contacts than Indiana." Appellant's App. at 10.

In response to this order, New Prime filed its motion for full summary judgment on January 17, 2001, asserting that Loretta's claims are barred by our Guest Statute. Specifically, New Prime claimed entitlement to summary judgment because Indiana law prohibits claims for personal injury between spouses as passengers and drivers in vehicles, absent a showing of willful or wanton conduct on the driver's part. Inasmuch as Loretta's claims were based on negligence, New Prime asserted that her cause of action is also prohibited against it. Thus, New Prime argued that because Loretta was precluded from maintaining a negligence claim against her husband, she is also precluded from recovering from the company. On July 12, 2001, the trial court entered judgment for New Prime.[1] Baca now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220, 223 (Ind.Ct.App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *General Motors Corp. v. Northrop Corp.*, 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* Summary judgment should be granted only

---

1. We commend the trial judge for his well-reasoned opinion and thorough review of the law regarding the issues presented here. We further acknowledge the trial court's disclosure to the parties that his son, Pete Snow, a law student at the time, conducted the independent research in the matter. Appellant's App. at 10. Ind.Judicial Conduct Canon 3(B)(8)(b).

when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Gov't, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct. App.1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

## II. Baca's Claims

### A. Applicability of Indiana Law

■ Baca asserts that Indiana law should not apply in these circumstances. Thus, she maintains that it was error for the trial court to have granted New Prime's motion for summary judgment because the provisions of Indiana's Guest Statute bar her claims against New Prime.

■ In addressing Loretta's claim, we note that our historical choice-of-law rule for torts was *lex loci delicti.* That is, the substantive law of the jurisdiction in which the tort was committed was always applied. *See Snow v. Bayne*, 449 N.E.2d 296, 298 (Ind.Ct.App.1983). Later, in *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071 (Ind.1987), this rule was modified so that the law of the place of the tort would no longer be applied in every case. However, there is still a presumption favoring application of *lex loci delicti*, that can be only be overridden by establishing that the place of the tort "bears little connection" to the cause of action. *Matter of Estate of Bruck*, 632 N.E.2d 745, 747 (Ind.Ct.App. 1994). The first step is to consider the extent to which the place of the tort bears a connection to the particular legal action. *Hubbard*, 515 N.E.2d at 1074.

■ In *Hubbard*, the decedent, who was an Indiana resident, was employed as a street light maintenance operator in Illinois. While on the job, the decedent was using a lift manufactured in Indiana when he was electrocuted. *Id.* As a result of the incident, the plaintiff commenced a cause of action against the manufacturer of the lift. *Id.* at 1074. Both the trial court and this court determined that Illinois law applied. Our supreme court reversed, determining that Illinois's contacts with the action were not significant:

> The decedent was working in Illinois at the time of his death and the vehicle involved in the fatal injuries was in Illinois. The coroner's inquest was held in Illinois, and the decedent's wife and son are receiving benefits under the Illinois Workmen's Compensation Laws. *None of these facts relates to the wrongful death action filed against Hubbard.*

*Id.* at 1074 (emphasis supplied). In light of our supreme court's discussion above, it is apparent that the relevant inquiry when determining whether the place of the tort "bears little connection" to the tort is whether the most significant events leading to liability occurred in that state. In *Hubbard*, inasmuch as the cause of action was presumably premised upon product liability claims, the most significant event leading to liability was the manufacture of the defective product in Indiana.

Turning to the circumstances here, the parties acknowledge that the tortious conduct occurred in Indiana. Additionally, the injury occurred in this State. Contrary to Loretta's contention, there is no evidence demonstrating that any aspect of the tort occurred in any other state. In our view, Loretta's allegations that the vehicle Christopher drove was registered in Missouri, that the employer-employee

relationship was centered in Missouri and that Missouri law controlled with respect to the disbursement of worker's compensation benefits to her, bear little significance with respect to the issue of whether Indiana law should control here. As a result, we cannot say that these are not insignificant contacts with Indiana. *See Tompkins v. Isbell,* 543 N.E.2d 680, 681 (Ind.Ct.App.1989), *trans. denied* (observing that because the automobile accident occurred in Illinois, the place of the tort has extensive connection with the legal action, and thus, the doctrine of *lex loci* retains vitality).

We also reject Loretta's reliance upon *Gollnick v. Gollnick,* 517 N.E.2d 1257 (Ind. Ct.App.1988), *affirmed,* 539 N.E.2d 3 (Ind. 1989), where it was determined that California law governed the issue of parental immunity in a cause of action brought by a child, a California resident, against her father, also a California resident, for an injury that was sustained in Indiana. The defendant's daughter suffered severe leg and head injuries while sledding down a driveway. *Gollnick,* 514 N.E.2d 645, 647 (Ind.Ct.App.1987).[2] In determining that California law applied in that circumstance, we noted that the doctrine of intrafamilial immunity controlled, which absolutely prohibits causes of action between family members. In contrast, the circumstances here do not involve a "capacity to sue" issue because our Guest Statute does not preclude causes of action between family members. Moreover, the circumstances in *Gollnick* involved a sledding accident that occurred in Indiana, where the "rules of the road" in Indiana were not applicable.

In contrast, both parties here acknowledge that such rules are to be applied and

should control. In light of such significant differences, it was proper for the trial court to have rejected any application of *Gollnick* in these circumstances. Thus, the trial court did not err in determining that Indiana law must control here.

### B. Indiana Guest Statute

 Because we have determined that Indiana law applies here, we turn next to the provisions of our Guest Statute:

> The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
>
> . . .
>
> (2) the person's spouse;
>
> resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother, sister, or hitchhiker was being transported without payment in or upon the motor vehicle unless the injuries or death are caused by the *wanton or willful misconduct* of the operator, owner, or person responsible for the operation of the motor vehicle.

I.C. § 34–30–11–1 (emphasis supplied). As set forth above, the provisions of our Guest Statute establish the standard of care owed by a driver to certain guests. Our supreme court has determined that the purposes of the guest statute are the "fostering of hospitality by insulating generous drivers from lawsuits instituted by ungrateful guests and the elimination of possibility of collusive lawsuits." *Sidle v. Majors,* 264 Ind. 206, 341 N.E.2d 763, 768 (1976). That is, in order to maintain an action under the Guest Statute, the plaintiff must assert and prove more than mere negligence or carelessness. *Andis v. Newlin,* 442 N.E.2d 1106, 1108 (Ind.1982).

---

**2.** This case was originally reported upon direct appeal as *Gollnick v. Gollnick,* 514 N.E.2d 645 (Ind.Ct.App.1987). Our opinion on rehearing is reported at 517 N.E.2d 1257 (Ind.Ct.App.1988).

Here, Loretta filed her cause of action against New Prime, alleging vicarious liability for Christopher's negligence when he rear-ended Champion's semi-tractor trailer. Appellant's App. at 15. Loretta did not allege that Christopher's conduct rose to the level of wanton or willful misconduct, as set forth in the Guest Statute. Thus, the trial court did not err in granting New Prime's second motion for summary judgment.

Affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.