Loretta BACA, Appellant (Plaintiff below),

v.

NEW PRIME, INC., Prime, Inc. and Independent Contractor Operators of Springfield, Appellees (Defendants below).

No. 89S01–0206–CV–351.

Supreme Court of Indiana.

June 23, 2004.

Richard J. Dick, Samuel L. Jacobs, Indianapolis, IN, for Appellant.

Richard A. Young, Eric D. Johnson, Indianapolis, IN, for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 89A01–0108–CV–304.

SHEPARD, Chief Justice.

After an accident in eastern Indiana involving residents of multiple states, the ensuing litigation has necessitated deciding certain choice-of-law questions. Because we issued an important decision on choice of law while this case was pending, we remand for further consideration.

Loretta Baca was riding in a truck driven by her husband Christopher Baca when Christopher collided with another vehicle. The accident occurred on Interstate 70 in Wayne County, Indiana. Loretta sustained injuries in the accident, and Christopher died. The two had recently married. Christopher was a Colorado resident at the time of the accident and Loretta was a South Carolina resident, but she was on her way to Colorado to establish residence.

Christopher was employed by Independent Contractor Operators of Springfield, a Missouri company, and he had entered into an employment contract with New Prime, Inc. in Missouri. He was driving in the course of his employment when the accident occurred. New Prime owned the truck that Christopher was driving.

Loretta brought suit against New Prime, among others, asserting vicarious liability for the injuries she sustained. She alleged that Christopher had been "careless and negligent while driving the trailer in the scope of his employment." New Prime asserted as an affirmative defense that Indiana law would support a claim for injury due to wanton or willful behavior but not due to ordinary negligence. By cross-motions for summary judgment, Loretta and New Prime joined the issue of whether Indiana's tort law should apply.

The trial court held that Indiana negligence law governed and granted New Prime summary judgment. Loretta appealed to the Indiana Court of Appeals, which affirmed. *See Baca v. New Prime, Inc.*, 763 N.E.2d 1014 (Ind.Ct.App.2002). We granted transfer.

While this appeal has been pending, we have decided another choice-of-law case on certified questions from the U.S. Court of Appeals for the Third Circuit. *Simon v. United States*, 805 N.E.2d 798 (Ind.2004). In the course of doing so, we re-affirmed our leading case on *lex loci delecti*, *Hubbard Manufacturing Co. v. Greeson*, 515 N.E.2d 1071 (Ind.1987), and indicated that we had elected not to adopt the Restatement (Second) of Conflict of Laws (1971).

Also significant for purposes of this case, we considered for the first time whether Indiana choice-of-law doctrine embraces

*dépeçage,* the process of applying separately the law of different states within the same case. We declined to adopt *dépeçage,* saying we would not "separately analyze and apply the law of different jurisdictions to issues within each claim" of a suit. *Id.* at 802.

This holding in *Simon* will not necessarily lead to a different resolution than the one reached by the trial court and the Court of Appeals in this case. The plaintiff argued and briefed this case in substantial reliance on the Restatement (Second), however, and neither party took into account the applicability or inapplicability of the doctrine of *dépeçage.* We think it appropriate to give the parties and those courts a chance to brief and consider the issues with benefit of our recent decision.

Accordingly, we remand to the trial court for consideration in light of *Simon v. United States.*

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.